**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1040
_____

SONIA GLORIBEL ESCOBAR-COTO; K. J. S.-E.,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency Nos. 206-772-047, 206-772-027)
Immigration Judge: Lisa de Cardona

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 2, 2020

Before: KRAUSE and PHIPPS, *Circuit Judges*, and BEETLESTONE,[*] *District Judge*.

(Filed: July 20, 2020)
_____

**OPINION**[†]
_____

---

[*] Honorable Wendy Beetlestone, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BEETLESTONE, *District Judge*.

Petitioner Sonia Escobar-Coto and her minor daughter seek review of a Board of Immigration Appeals ("BIA") order denying them asylum.

## PROCEDURAL BACKGROUND

Escobar filed an Application for Asylum, Withholding of Removal, and Convention Against Torture ("CAT") protection. In October 2017, the Immigration Judge ("IJ") issued a decision finding Escobar to be generally credible, but denying her asylum or withholding on the grounds that she had failed to show either past persecution or an objectively reasonable fear of future persecution. The IJ further found that relocation within Honduras was reasonable. Escobar appealed the decision to the BIA, which upheld the IJ's denial of asylum and withholding, finding that Escobar did not face past persecution and finding further that there was no clear error in the IJ's finding that she failed to show an objectively reasonable fear of future prosecution. The BIA also agreed that it was reasonable for Escobar to relocate within Honduras.

Escobar petitioned for review of only the denial of asylum, not the denial of CAT protection and withholding of removal. The issues presented here are whether the IJ and BIA erred by: (1) holding that Escobar did not suffer past persecution; (2) holding that Escobar did not have an objectively reasonable fear of future persecution; and, (3) holding that it was reasonable for her to relocate within Honduras.[1]

---

[1] The BIA's legal conclusions and applications of law to undisputed facts are reviewed de novo. *Rranci v. Att'y Gen.*, 540 F.3d 165, 171 (3d Cir. 2008). Factual findings are reviewed for substantial evidence. *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 196 (3d Cir. 2017). "Substantial evidence is more than a mere scintilla and is such relevant

2

For her and her daughter to qualify as refugees eligible for asylum based on past persecution, Escobar must show that: (1) she was subject to "one or more incidents rising to the level of persecution;" (2) the incidents were "'on account of' one of the statutorily-protected grounds," including membership in a particular social group; and, (3) the incidents were committed "either by the government or forces that the government is either unable or unwilling to control." *Toure v. Att'y Gen.*, 443 F.3d 310, 316 (3d Cir. 2006); *see also* 8 U.S.C. § 1101(a)(42). It is her burden to show that she meets all three requirements. *See Abdille*, 242 F.3d at 482.

Because we are limited to reviewing the grounds put forth by the agency for its decision, *see SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943), the central question in this case is whether Escobar can establish that she was persecuted. The BIA held that Escobar could not show past persecution in part because it construed the threats she experienced as "conditional" rather than "imminent" and, as such, they did not rise to the level of past persecution. A.R. 5. In reaching this conclusion, the BIA relied primarily on *Chavarria v. Gonzalez*, 446 F.3d 508 (3d Cir. 2006).

However, we recently re-visited the standard for when threats rise to the level of persecution. *See Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 106 (3d Cir. 2020). Previously, cases in this Court interchangeably required threats to be "concrete" and/or "imminent," as well as "menacing." *See id*. In *Herrera-Reyes*, we clarified that the standard

---

evidence as a reasonable mind might accept as adequate to support a conclusion." *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001) (quoting *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998)). The IJ's opinion is reviewed only "where the BIA has substantially relied on that opinion." *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009).

3

for whether a threat constitutes persecution is simply whether it is "concrete and menacing." *Id.* The imminence requirement was a misnomer, as immediate harm and close proximity of harm to other acts of misconduct have never been the focus of the threat analysis. *Id.* Thus, the interest is "not the imminence of the threat at all, but rather the likelihood of the harm threatened." *Id.* Such an inquiry is adequately subsumed by the requirement that the threat be concrete, meaning it is not "abstract or ideal," but corroborated by credible evidence, such as the "overall trajectory of the harassment against" the Petitioner. *Id.* (citing *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 343 (3d. Cir. 2008)). And to be menacing, the threat must show "intention to inflict harm." *Id.*

The BIA decided the past persecution issue without the benefit of *Herrera-Reyes*. As such, this matter is remanded to the BIA for reconsideration of its decision in light of that case.[2] Remand is not, however, limited to only those issues, and the BIA may address any issue properly before it on remand.

---

[2] The BIA also held, in the alternative, that Escobar could not show she held a reasonable fear of future persecution. However, in the event that *Herrera-Reyes* changes the BIA's conclusion regarding past persecution, Escobar would be entitled to a rebuttable presumption of future persecution, which the BIA did not consider. *See Chavarria*, 446 F.3d at 520. The BIA thus shall re-evaluate future persecution to the extent relevant based on its disposition of past persecution and consistent with the guidance in *Herrera-Reyes*.